UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  1:08-cr-0052 (RMU) |
| | : | |
| FRANKLIN MEJIA-MACEDO | : | |
| | : | |

### GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER
### UNDER 18 U.S.C. § 3509(d)

Plaintiff United States of America hereby moves for an order stating that the privacy protection measures mandated by 18 U.S.C. § 3509(d) when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case.   This motion is based on the accompanying Memorandum of Points and Authorities, and the files and records of this case.

Respectfully submitted,

For the United States of America

_____/s/ Elizabeth M. Yusi_____
Elizabeth M. Yusi
DC Bar No. 493745
Trial Attorney
U.S. Department of Justice, Criminal Div.
Child Exploitation and Obscenity Section
1400 New York Avenue, NW
Washington, DC  20530
(202) 514-0885
(202) 514-1793 (facsimile)

Dated: June 2, 2008

**Certificate of Service**

      I hereby certify that on June 2, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the registered CM/ECF registrants, including:

Elita Amata
2009 N 14th St
Suite 708
Arlington, VA 22201

                                                                /s/ Elizabeth M. Yusi
                                                                 Elizabeth M. Yusi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1:08-cr-0052 (RMU) |
| | : | |
| FRANKLIN MEJIA-MACEDO | : | |
| | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR AN ORDER UNDER 18 U.S.C. § 3509(d)**

Defendant FRANKLIN MEJIA-MACEDO (the "defendant") is charged in a multi-count indictment with one count of Sex Trafficking of Children in violation of 18 U.S.C. § 1591, Transportation of Individuals for Prostitution in violation of 18 U.S.C. § 2421, and Illegal Entry into the United States in violation of 8 U.S.C. § 1324. In order to protect the privacy and reputation of the minors involved, the Government moves that the parties maintain the confidentiality of documents identifying those minors, that papers to become part of the public record in this case identify those minors only by their initials, and that the minors be referred to only by their initials at trial and at pre-trial and post-trial proceedings.

**I. Argument**

Because minors are involved, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply to this case.[1] The Act requires that certain measures be taken to protect the minors' privacy. Specifically, it provides as follows:

---

[1] The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be ... a victim of a crime of physical abuse, sexual abuse, or exploitation ... or a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2). The Act defines a crime of "exploitation" to include "child prostitution." 18 U.S.C. § 3509(a)(6).

  (1) Confidentiality of information –

  (A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –

  (I) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

  (ii) disclose documents described in clause (I) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

  (B) Subparagraph (A) applies to –

  (I) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

  (ii) employees of the court;

  (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

  (iv) members of the jury.

  (2) Filing under seal. – All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order.  The person who makes the filing shall submit to the clerk of the court –

  (A) the complete paper to be kept under seal; and

  (B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

18 U.S.C. §§ 3509(d)(1) and (2).

  A knowing violation of section 3509 is a criminal contempt.  Title 18, United States Code, § 403 provides:

  A knowing or intentional violation of the privacy protection accorded by section

3509 of this title is a criminal contempt punishable by not more than one year's imprisonment, or a fine under this title, or both.

18 U.S.C. § 403.

Pursuant to 18 U.S.C § 3509(d), the Government hereby requests that the court issue an order requiring all persons described in 18 U.S.C. § 3509(d)(1)(B) to comply with 18 U.S.C. § 3509(d)(1)(A) and 3509(d)(2).

The Act also permits the Court to issue a protective order "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A). A protective order may:

> (i) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and
>
> (ii) provide for any other measures that may be necessary to protect the privacy of the child.

18 U.S.C. § 3509(d)(3)(B).

Although closure of the courtroom is authorized by statute, the Government is not seeking closure at this time. Rather, the Government merely asks that the minors involved be referred to by a non-identifying label at trial and during pre-trial and post-trial proceedings. The Government makes this request in an effort to protect the privacy and reputation of the minors involved, to minimize additional emotional trauma which likely would result from publication of their identities, and to minimize any personal embarrassment the minors will experience at trial.

The measures the Government seeks pass constitutional muster. In *United States v. Broussard*, 767 F. Supp. 1545, 1546-48 (D. Or. 1991), the court upheld the redaction of child-

identifying information from documents made part of the public record in a criminal case. The court specifically rejected defendant's argument that redaction of documents affected his First or Sixth Amendments right to a public trial. *Id.*

Moreover, in *United States v. Anderson*, 139 F.3d 291, 301-02 (1st Cir. 1998), *cert. den. sub. nom. Coutermarsh v. United States*, 525 U.S. 866, 119 S. Ct. 158 (1998), the First Circuit upheld a district court's order prohibiting the disclosure of the last names of two juvenile witnesses at trial. The defendants were charged, in part, with transporting the juveniles from Massachusetts to New Jersey for purposes of prostitution, in violation of 18 U.S.C. § 2423(a). Relying on 18 U.S.C. § 3509(d)(3), the district court "ordered that, in order to protect their identity, the last names of the juvenile witnesses not be disclosed during the trial." *Anderson,* 139 F.3d at 302.

In this case, in addition to requesting that child-identifying information be redacted from documents or other media that will become part of the public record, the Government requests that the minors involved be referred to at trial by a non-identifying label, such as their initials, instead of by their full names. This restriction serves a compelling interest in "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604-05 (1982); *Broussard*, 767 F. Supp. at 1546. Such a restriction is necessary because these minors will be called as witnesses to testify regarding numerous acts of prostitution, and other incidents in which the minors engaged in sexual activity with adults.

The nature of the minors' testimony and their young ages warrants protection of their identities. If no protective measures are taken, and the minors' identities are disclosed, they will likely be subject to inquiries and scrutiny from their families, friends, classmates, and members of the community. Disclosure of the minors' identities will thus likely harm the minors' well-being.

There are no alternatives that would adequately protect the well-being and the privacy of

the minors involved in this case. As in *Anderson*, the Government is not requesting full closure of the courtroom during the minors' testimony at this time; the Government simply asks that the minors be referred to by a non-identifying label. The Government is prepared, upon the Court's decision of this motion, to provide defendant with the full names of the minors involved. Defendant will thus have the opportunity to conduct appropriate pre-trial investigation. Defendant will also have the opportunity fully to cross-examine the minors at trial, and the Court can avoid even the possibility of any prejudice caused by referring to the minors by a non-identifying label by giving the jury a cautionary instruction. Defendant will also have the opportunity to fully to cross-examine the minors at trial, and the Court can avoid even the possibility of any prejudice caused by referring to the minors by a non-identifying label by giving the jury a cautionary instruction.

## II. Conclusion

Given the compelling interest in protecting the welfare and privacy of the minors involved in this case, the Government respectfully requests that the Court grant the requested relief.

Respectfully submitted,

For the United States of America

    /s/ Elizabeth M. Yusi
Elizabeth M. Yusi
DC Bar No. 493745
Trial Attorney
U.S. Department of Justice, Criminal Div.
Child Exploitation and Obscenity Section
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-0885
(202) 514-1793 (facsimile)

Dated: June 2, 2008

**Certificate of Service**

      I hereby certify that on June 2, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the registered CM/ECF registrants, including:

Elita Amata
2009 N 14th St
Suite 708
Arlington, VA 22201

                                                /s/ Elizabeth M. Yusi
                                                  Elizabeth M. Yusi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1:08-cr-0052 (RMU) |
| | : | |
| FRANKLIN MEJIA-MACEDO | : | |
| | : | |

**[PROPOSED] ORDER UNDER U.S.C. § 3509(d)**

Having considered the Motion for an Order Under 18 U.S.C. § 3509(d), and good cause appearing, IT IS HEREBY ORDERED that all persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B) shall:

1. Keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

2. Disclose such documents or the information in them that concerns a child only to persons who, by reason of their participation in this proceeding, have reason to know such information.

IT IS FURTHER ORDERED that counsel for the Government and counsel for defendant shall provide one another with a copy of each unredacted pleading filed in this case, provided that such pleading is not filed *in camera*.

IT IS FURTHER ORDERED that the parties and the witnesses shall not disclose alleged minor victim or witnesses's names at pre-trial proceedings or at trial in this case. The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims or witnesses only by a non-identifying label and all counsel shall refer only to the non-identifying label, rather than their names, in opening statements and in closing arguments.

1

2

Dated this ___ day of _____, 2008.

                                                                                   _____

Presented by:

  /s/ Elizabeth M. Yusi  
Elizabeth M. Yusi
Trial Attorney
U.S. Department of Justice

**Certificate of Service**

      I hereby certify that on June 2, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the registered CM/ECF registrants, including:

Elita Amata  
2009 N 14th St  
Suite 708  
Arlington, VA 22201

                                              /s/ Elizabeth M. Yusi  
                                                 Elizabeth M. Yusi