THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 08-52 (RMU) |
| ) | |
| FRANKLIN MEJIA MACEDO ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MOTION TO SUPPRESS STATEMENTS**
**AND MEMORANDUM OF POINTS AND AUTHORITIES**

Franklin Mejia Macedo through undersigned counsel, respectfully moves this Court pursuant to the Fifth Amendment of the United States Constitution, to suppress any oral statements made by him. The defendant requests an evidentiary hearing on this matter. In support of this motion, counsel states the following:

**FACTUAL BACKGROUND[1]**

On February 18, 2008, Agents of the Immigrations and Customs Enforcement (ICE) executed an arrest warrant for Yaneth Martinez on charges of Sex Trafficking in violation of Title 18, U.S.C. §591 and Unlawful Transportation and Movement of an Alien, Title 8, U.S.C. §1324(a)(1)(A)(ii). During their arrest of Ms. Martinez, law enforcement also encountered the defendant in this case, Franklin Mejia Macedo. Based on information from a confidential source, law enforcement was aware that Mr. Mejia-Macedo lived with Ms. Martinez and was her boyfriend. Immediately prior to the arrest of Ms. Martinez, law enforcement observed Mr. Mejia-Macedo in the driver's seat of a

---

[1] Mr. Mejia Macedo incorporates information provided in the discovery. However, Mr. Mejia Macedo does not adopt such information as true and accurate and reserves the right to object and argue against its accuracy.

vehicle in which Ms. Martinez was also seated as well as another adult female, Sara Damary Lagos-Lopez.

During the arrest of Ms. Martinez, agents interviewed Ms. Martinez. Ms. Lagos-Lopez was also interviewed and she admitted being a prostitute and sharing her earnings with Ms. Martinez. Mr. Mejia-Macedo was also spoken to by police and he was searched. At that time, he made various statements. Mr. Mejia-Macedo was not formally arrested on that date. However, based partly on those statements, a Criminal Complaint with an attached Affidavit was later filed seeking an arrest warrant be issued for the arrest of Mr. Mejia-Macedo on the charge of Unlawful Transportation and Movement of an Alien, in violation of Title 8 U.S.C. §1324(a)(i)(A)(ii). On or about February 21, 2008, Mr. Mejia-Macedo was arrested by law enforcement and charged with one count of Unlawful Transportation and Movement of an Alien. A preliminary hearing was held and at that time, the court found there was no probable cause and dismissed that case. At some point, Mr. Mejia-Macedo gave an additional statement to police which was recorded.[2]

## LEGAL PRINCIPLES

**ALL STATEMENTS IN THIS CASE WERE SECURED IN VIOLATION OF MR. FRANKLIN MEJIA MACEDO'S FIFITH AMENDEMNT RIGHTS AND MUST BE SUPPRESSED.**

*Miranda* requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation. *See,*

---

[2] The government has turned over a copy of the recording of the statement. To date, undersigned has been unable to access the recording. Upon review of the recording, undersigned may seek to amend or supplement this Motion to Suppress Statements.

2

*e.g., Pennsylvania v. Muniz*, 496 U.S. 582, 110 S. Ct. 2638, 2643-44, 110 L.Ed.2d 528 (1990).

A person is in "custody" under *Miranda* when he "has been . . . deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation*." Berkemer v. McCarty*, 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). In this case, there are two different statements at issue. The first statement was made prior to Mr. Mejia-Macedo being formally arrested. However, he was searched at that time. During his interaction with law enforcement that day, it appears that the police did restrict his movements. The second statement was made after Mr. Mejia-Macedo had been arrested.

"[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (footnotes omitted). If statements are made prior to the police informing a suspect or arrestee of his *Miranda* rights "no evidence obtained as a result of interrogation can be used against him." *Miranda v. United States, supra*, 384 U.S. at 479, 86 S.Ct. at 1630. The *Miranda* rights include warnings to advise an individual of their constitutional privilege to remain silent, that anything that they say can be used against them in a court of law, that they have the right to the presence of counsel, and that if they cannot afford an attorney one would be appointed before any questioning if they so desire. *Miranda v.*

*Arizona, supra*, 384 U.S. at 478-79, 86 S.Ct. at 1629.  Even if law enforcement did not directly ask questions of Mr. Mejia-Macedo, during their interactions with him, any words or actions taken by them during their interaction with Mr. Mejia-Macedo may be considered by the court to be equivalent of such express questioning if they were reasonably likely to elicit an incriminating response from the suspect.  *Rhode Island v. Innis*, supra at 301.

In this case, it is clear that no Miranda warnings were given to Mr. Mejia-Macedo prior to his having given statements on February 18, 2008.  At this juncture, undersigned is unaware of what rights were given to Mr. Mejia-Macedo during the second statement.  To date, although, the government has provided undersigned with voluminous discovery, undersigned was unable to locate any signed Miranda rights waiver form.

Even if ICE agents mirandized Mr. Mejia-Macedo, the government does not carry its heavy burden of proof by merely introducing a signed waiver of rights card or by showing that the accused made statements after admission of *Miranda* warnings.  *Teague v. Louisiana*, 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed 2d 622 (1980).  A hearing is requested to determine if Mr. Mejia Macedo was properly Mirandized.   Even to any statement allegedly made after Mr. Mejia Macedo was administered, and waived, his Miranda, such a waiver, if it occurred, was not knowing and voluntary.

Even when police comply with the requirements of *Miranda*, a statement is inadmissible if it was involuntary.  *United States v. Bernett*, 495 F.2d 943, 948-50 (D.C. Cir. 1974).  A statement must be voluntarily made in order to be admissible.  *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 LEd. 908 (1964).  A voluntary statement is one

which is the product of a rational intellect and free will, the "offspring of reasoned choice." *United States v. Robinson*, 459 F.2d 1164 (D.C. Cir. 1972). It is the government who bears the burden of showing that any oral or written statements made by Mr. Mejia Macedo were spontaneous or voluntary and not the product of coercion, duress or fear and that Mr. Franklin Mejia Macedo, in fact, made the statement attributed to him. *Jackson v. Denno*, *supra; Lego v. Twomey*, 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

Factors to be taken into account in determining the voluntariness of statements are the actions and statements made by police officers to induce the statements, the defendant's familiarity with the criminal justice legal system, the time period the defendant is held in custody prior to making statements, the physical setting and time of day during which questioning takes place, the types of questioning and the psersons education level. *United States v. Yunis*, 859 F.2d 953, 961-65 (D.C. Cir. 1988);

## CONCLUSION

Wherefore, for these reasons and any others put forth during a hearing on this matter, the defendant requests that this motion be granted and that any statements alleged to have been made by him be suppressed. In addition, any evidence seized as a result of the interrogation must also be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 484-85, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Respectfully submitted,

/s/

_____
Elita C. Amato
Counsel to FRANKLIN MEJIA MACEDO
D. C. Bar # 442797
2009 N. Fourteenth St., Suite 708
Arlington, VA  22201
(703) 522-5900

## CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on July 9, 2008, causing service electronically upon all parties in this case.

/s/

_____
**Elita C. Amato, Esq.**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | **Criminal No. 08-52 (RMU)** |
| ) | |
| FRANKLIN MEJIA MACEDO ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER

Upon consideration of Defendant Franklin Mejia Macedo's *Motion to Suppress Statements and Memorandum of Points and Authorities*, any opposition therein, and the record from a full hearing, it is this _____ day of _____, 2008, hereby

**ORDERED** that defendant Franklin Mejia Macedo's Motion is granted; and it is further

**ORDERED** that the government is precluded from introducing any statements made by Mr. Franklin Mejia Macedo.

**SO ORDERED**.


Date:

_____
Ricardo M. Urbina
United States District Judge