THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 08-52 (RMU) |
| ) | |
| FRANKLIN MEJIA MACEDO ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MOTION TO SUPPRESS EVIDENCE RECOVERED OFF OF DEFENDANT'S PERSON
### AND MEMORANDUM OF POINTS AND AUTHORITIES

Franklin Mejia Macedo through undersigned counsel, respectfully moves this Court pursuant to the Fourth Amendment of the United States Constitution, to suppress all evidence recovered from his person by law enforcement on February 18, 2008. The defendant requests an evidentiary hearing on this matter. In support of this motion, counsel states the following:

### FACTUAL BACKGROUND[1]

On February 18, 2008, Agents of the Immigrations and Customs Enforcement (ICE) executed an arrest warrant for Yaneth Martinez on charges of Sex Trafficking in violation of Title 18, U.S.C. §591 and Unlawful Transportation and Movement of an Alien, Title 8, U.S.C. §1324(a)(1)(A)(ii). During their arrest of Ms. Martinez which took place at the rear of 4913 Kansas Ave., N.W., Washington, DC 20011, law enforcement also encountered the defendant in this case, Franklin Mejia Macedo. Based on information from a confidential source, law enforcement was aware that Mr. Mejia-

---

[1] Mr. Mejia Macedo incorporates information provided in the discovery. However, Mr. Mejia Macedo does not adopt such information as true and accurate and reserves the right to object and argue against its accuracy.

Macedo lived with Ms. Martinez and was her boyfriend.  Immediately prior to the arrest of Ms. Martinez, law enforcement observed Mr. Mejia-Macedo in the driver's seat of a vehicle in which Ms. Martinez was also seated as well as another adult female, Sara Damary Lagos-Lopez, who admitted to law enforcement that she was illegally in the country and working as a prostitute.

During the arrest of Ms. Martinez, agents interviewed Mr. Mejia Macedo, Ms. Martinez and Ms. Lagos-Lopez.  Mr. Mejia Macedo was also searched by law enforcement.  Law enforcement did not have a warrant to search Mr. Mejia Macedo. Various items were recovered from Mr. Mejia Macedo's person including identification documents, bank paper work and telephone and credit card bills.  Mr. Mejia Macedo was no arrested on that date.

On or about February 21, 2008, Mr. Mejia-Macedo was arrested by law enforcement and charged with one count of Unlawful Transportation and Movement of an Alien.  A preliminary hearing was held and at that time, the court found there was no probable cause and dismissed that case.

## LEGAL PRINCIPLES

**ALL EVIDENCE OBTAINED FROM MR. FRANKLIN MEJIA MACEDO'S PERSON WAS SECURED IN VIOLATION OF MR. FRANKLIN MEJIA MACEDO'S FOURTH AMENDMENT RIGHTS AND MUST BE SUPPRESSED.**

The physical evidence must be suppressed as a fruit of an illegal stop.  Mr. Mejia Macedo asserts that the police lacked articulable suspicion of criminal activity as required by *Terry v. Ohio*, 392 U.S.1, 99 S.Ct. 1868, 20 L.Ed.2d 889 (1968), before stopping him.

Warrantless searches and seizures, like the instant one, "are per se unreasonable ... subject only to a few specifically established and well delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357 (1967). Fourth Amendment protection against unreasonable searches applies to seizures of the person as well. *California v. Hodari*, 111 S.Ct. 1547, 1549 (1991); *Henry v. United States*, 361 U.S. 98, 100 (1959). It is the government that bears the burden of proving that the initial search and seizure was legal. *Hayes v. Florida*, 470 U.S. 811 (1985); *United States v. Allen*, 629 F.2d 51, 55 (D.C. Cir. 1980).

A seizure exists when a reasonable person in the defendant's position would not feel free to leave. *United States v. Jones*, 973 F.2d 928 (D.C. Cir.), *vacated in part*, 980 F.2d 746 (1992), *cert. denied*, 114 S. Ct. 741 (1994); *Hodari,* 111 S. Ct. at 1552 (1991). Therefore, a person is seized if s/he is restrained in some manner either by physical force or submission to a show of authority. *Terry v. Ohio*, 88 S. Ct. 1868, 1879 n. 16; *United States v. Wood*, 981 F.2d 536, 538 (D.C. Cir. 1992); *Hodari*, 111 S. Ct. at 1551.

In the absence of probable cause, the police can only conduct an investigatory detention of a person when they have a reasonable articulable suspicion that a crime was, is being, or has been committed by the person being detained. *Terry,* 88 S. Ct. at 1879. Inarticulable hunches and generalized suspicion are insufficient to justify an investigatory detention. Id.

Here, when police stopped Mr. Mejia Macedo they had no reasonable suspicion that Mr. Mejia Macedo was involved in any illegal activity. After he was spoken to, police did not immediately seek an arrest warrant. It was not until some two days later

that law enforcement sought to obtain an arrest warrant against him on the charge of Unlawful Transportation and Movement of an Alien. During a preliminary hearing, this charge was dismissed, the court having found no probable cause. Nothing during the stop itself and subsequent interview of Mr. Mejia Macedo provided any further basis to continue the seizure of his person or the search.

## CONCLUSION

Accordingly, Mr. Mejia Macedo deems the search and seizure illegal and all evidence obtained as a result must be suppressed. *Wood*, 981 F.2d at 541; *Wong Sun v. United States*, 371 U.S. 471, 484-85, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Respectfully submitted,

/s/

Elita C. Amato
Counsel to FRANKLIN MEJIA MACEDO
D. C. Bar # 442797
2009 N. Fourteenth St., Suite 708
Arlington, VA  22201
(703) 522-5900

## CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on July 10, 2008, causing service electronically upon all parties in this case.

/s/

**Elita C. Amato, Esq.**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES        ) | |
| )                    | |
| v.                   ) | Criminal No. 08-52 (RMU) |
| )                    | |
| FRANKLIN MEJIA MACEDO ) | |
| )                    | |
| Defendant.           ) | |
| _____  ) | |

**ORDER**

Upon consideration of Defendant's *Motion to Suppress Evidence Recovered off of Defendant's Person*, and any opposition, it is this _____ day of _____, 2008, hereby

      **ORDERED** that defendant FRANKLIN MEJIA MACEDO'S motion is granted; and it is further

      **ORDERED** that the government is precluded from introducing at trial any evidence recovered during the search of Mr.. Mejia Macedo on February 18, 2008.

SO ORDERED.

Date:

_____
Ricardo M. Urbina
United States District Judge