THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>    v.         )<br>)<br>FRANKLIN MEJIA MACEDO )<br>)<br>  Defendant.    )<br>_____ ) | Criminal No. 08-52 (RMU) |

## SUPPLEMENTAL MOTION TO SUPPRESS EVIDENCE RECOVERED FROM DEFENDANT'S RESIDENCE
## AND MEMORANDUM OF POINTS AND AUTHORITIES

*COMES NOW*, the defendant, Franklin Mejia Macedo through counsel, respectfully moves this Court pursuant to the Fourth Amendment of the United States Constitution, and Rule 41(c) to suppress all evidence recovered as a result of the search of the computer, modums, data disks, and any all other digital material taken from his residence at 4913 Kansas Ave., N.W, Washington, D.C.[1]

On or about February 20, 2008, law enforcement searched the complete residence of 4913 Kansas Ave., N.W., Washington, D.C.  The search was conducted pursuant to a warrant.  To obtain the warrant, law enforcement provided a Judge before this court an eight page Affidavit in Support of an Application for Search Warrant ("Affidavit").  The Affidavit was also accompanied with a two page Attachment setting out a list of the specific types of items which law enforcement sought to seize from the residence.  (see Affidavit, attachment A).

---

[1] A general motion to suppress all evidence recovered from the residence of 4913 Kansas Street, N.W., Washington, D.C. was filed.  This motion supplements that motion and specifically addresses computer data and digital information, described more fully in Attachment A, Items To Be Seized, paragraph 9.

During the search, law enforcement seized a computer from the defendant's residence. It is this computer and anything recovered as stored on this computer and attached to this computer that the defendant now specifically seeks to suppress.[2]

The supporting affidavit must make it apparent, that there is some nexus between the items to be seized and the criminal activity being investigated. *See Warden v. Hayden*, 387 U.S. 294, 307, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). The Affidavit here provides no nexus between the item to be searched, the computer and the crime in question. There is no allegation that at anytime any computer generated items were being used in the commission of the crime charged. Nor are there any allegations that the computer at the residence was being used in any manner to further the crime.

## CONCLUSION

*WHEREFORE,* for these reasons and any others which come forth during a hearing on this motion, the defendant moves to suppress all evidence recovered from the computer, modums, data disks, and any all other digital material taken from his residence at 4913 Kansas Ave., N.W., Washington, D.C. as the fruit of unlawful search. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

---

[2] At this juncture, undersigned is unsure whether or not the government intends to introduced any data recovered from the computer, however, under an abundance of caution, this motion is being filed. Nor is undersigned aware of what date was found as she is waiting for the prosecution to provide her the data in another format so that she can view it.

Respectfully submitted,

/s/

_____
Elita C. Amato
Counsel to FRANKLIN MEJIA MACEDO
D. C. Bar # 442797
2009 N. Fourteenth St., Suite 708
Arlington, VA  22201
(703) 522-5900


## CERTIFICATE OF SERVICE

**I CERTIFY** that the above motion was filed electronically on August 22, 2008, thereby being served electronically on all parties.

**/s/**
_____
**Elita C. Amato, Esq.**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 08-52 (RMU) |
| ) | |
| FRANKLIN MEJIA MACEDO ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER

Upon consideration of Defendant's *Supplemental Motion to Suppress Evidence Recovered From His Residence*, and any opposition, it is this _____ day of _____, 2008, hereby

**ORDERED** that defendant FRANKLIN MEJIA MACEDO'S motion is granted; and it is further

**ORDERED** that the government is precluded from introducing at trial the computer, modems data disks, and any all other digital material taken from his residence at 4913 Kansas Ave., N.W, Washington, D.C.

SO ORDERED.

Date:

_____
Ricardo M. Urbina
United States District Judge